IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CORAZON H. ZAMBRANO,

    Plaintiff,

v.

JOHN E. POTTER, Postmaster General of the United States,

    Defendant.

No. C 06-02565 JSW

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court upon consideration of the motion for summary judgment filed by Defendant John E. Potter, Postmaster General of the United States ("Defendant"). Having considered the parties' pleadings, relevant legal authority, and having had the benefit of oral argument, the Court HEREBY GRANTS Defendant's motion.

## FACTUAL BACKGROUND

Plaintiff Corazon H, Zambrano ("Plaintiff") alleges that she was terminated from her employment with the United States Postal Service ("USPS") based on her age (over 40) or harassment due to national origin (Filipino).[1] Plaintiff was hired as a casual employee on March 31, 2003 as a mail processor. (Declaration of Abraham Simmons ("Simmons Decl."), Ex. 1.) At the time of her removal on October 10, 2003, Plaintiff was working at the North Peninsula Delivery & Distribution Center in Burlingame, California. (Declaration of Glorina

---

[1] Although the complaint filed in this matter does not allege discrimination based on national origin, it appears that Plaintiff did file a complaint before the Equal Employment Opportunity Commission alleging that she was discriminated against on the bases of national origin and age. (*See* Complaint at ¶ 5, Attachment 2 at 1.) Because Plaintiff appears before this Court *pro se*, the Court will allow a liberal construction of the complaint and address Plaintiff's allegations of discrimination based on both national origin and age.

1  Macabbabad ("Macabbabad Decl."), at ¶ 1; Plaintiff's Statement of Facts ("Statement") filed
2  June 8, 2007, at 1.)  The San Francisco District's USPS maintains an explicit Zero Tolerance
3  Policy ("Policy") which assures all employees the right to perform their assigned duties in an
4  atmosphere free of assaults, threats and other acts of workplace violence.  (Macabbabad Decl. at
5  ¶ 4, Ex. 2.)  The Policy gives notice to employees that any violation may lead to discipline up to
6  and including removal from the Postal Service.  (*Id.*)  The Employee Labor Relations Manual
7  also prohibits conduct that creates obnoxious or unpleasant working conditions.  (*Id.* at ¶ 4, Ex.
8  1.)

9  The incident that led to Plaintiff's removal occurred on October 6, 2003.  (*Id.* at ¶¶ 6-8,
10  Exs. 3, 4.)  Apparently, Plaintiff engaged in a verbal altercation with a co-worker by the name
11  of Ms. Estimo.  According to Ms. Estimo's statement of the incident, Plaintiff became angry
12  and started calling Ms. Estimo names, stood close to her and threatened to hit her.  (*Id.*, Ex. 3.)
13  Finally, Plaintiff backed out of the altercation and said she could not hit Ms. Estimo in the
14  building because she would risk getting fired, but would wait for her outside.  (*Id.*)  Another
15  witness to the incident, who refused to give a statement, indicated to the women's supervisor,
16  Ms. Macabbabad, that the two co-workers were having a discussion during a break in which
17  Plaintiff became upset, walked around to Ms. Estimo's side of the table and told her she wanted
18  to hit her but would wait for her outside and settle it there.  (*Id.*)  When Ms. Macabbabad
19  interviewed Plaintiff just after the incident, Plaintiff admitted that she had gotten upset by
20  feeling that Ms. Estimo had talked down to her, and responded by letting her know that she
21  wanted to hit her.  Plaintiff also admitted at that time that she was aware of the Zero Tolerance
22  Policy and Ms. Macabbabad indicated that she would be terminated.  (*Id.*)

23  In lieu of a formal opposition to the motion, Plaintiff submitted a document entitled
24  'Summary of Facts.'  The Court construes this summary as an opposition to the pending motion.
25  Plaintiff indicates that she did in fact threatened Ms. Estimo, but states that Ms. Estimo had
26  threatened her and that all of the employees "at that time were against [Plaintiff] for reasons that
27  [she is] not fully aware of."  (Statement at 1.)  In addition, Plaintiff's complaint alleges that
28  someone, likely one of Plaintiff's supervisors, called her "old lady."  (Complaint at ¶ 6.)

2

The Court shall address additional facts as necessary in its analysis.

## ANALYSIS

**A.     Legal Standards Applicable to Motions for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275,

3

1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact must take care to adequately point a court to the evidence precluding summary judgment because a court is "'not required to comb the record to find some reason to deny a motion for summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.     Defendant Is Entitled to Summary Judgment on the National Origin Discrimination Claim.**

Plaintiff argues that the decision to remove her from the USPS was motivated by her national origin. Pursuant to Title VII, it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's ... national origin ...." 42 U.S.C. § 2000e-2(a)(1). In general, claims of discrimination are evaluated under the framework set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that framework, "the burden of production first falls on the plaintiff to make a *prima facie* case of discrimination." *Coghlan v. American Seafoods Co.*, 413 F.3d 1090, 1094 (9th Cir. 2005).

If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to present evidence "sufficient to permit the factfinder to conclude that the employer had a legitimate nondiscriminatory reason for the adverse employment action." *Id.* (citing *St Mary's Honor Center v. Hicks*, 509 U.S. 502, 506-07 (1993)). If the employer meets its burden, "the *McDonnell Douglas* framework drops out of the picture entirely, and the plaintiff bears the full burden of persuading the factfinder that the employer intentionally discriminated against him." *Id.* That is, the plaintiff bears the burden of showing that the employer's reason for the adverse employment action was pretextual. *Vasquez*, 349 F.3d at 640.

As set forth above, Defendant asserts that the decision to terminate Plaintiff from the USPS was due to her violation of the Policy. Even assuming that Plaintiff could satisfy the minimal burden necessary to establish a *prima facie* case of discrimination based on national origin, the Court concludes that Defendant is entitled to summary judgment because Plaintiff

4

has not met her burden to show that Defendant's reasons for terminating her were a pretext. A plaintiff may "show pretext directly, by showing that discrimination more likely motivated the employer, or indirectly, by showing that the employer's explanation is unworthy of credence." *Id.* at 641; *see also Coghlan*, 413 F.3d at 1094-95. Plaintiff has proffered no direct or circumstantial evidence of discrimination based on national origin. To defeat Defendant's motion, Plaintiff must present "specific and substantial" evidence that Defendant's decision to terminate her is a pretext. *See Wallis v. J.R. Simplot*, 26 F.3d 885, 890 (9th Cir. 1994).

In *Wallis*, the Ninth Circuit noted that although a plaintiff can establish a *prima facie* case of discrimination with minimal evidence, once the *McDonnell Douglas* presumption falls away, plaintiff must do more. *Wallis*, 26 F.3d at 892; *see also Wilborn v. Ashcroft*, 222 F. Supp. 2d 1192, 1197 (S.D. Cal. 2002) (granting summary judgment because plaintiff did no more than rely on *prima facie* case and deny credibility of the defendant's witnesses). In *Wallis*, the plaintiff attempted to rebut defendant's legitimate reasons for terminating him by relying on "the same proof he offered to establish his *prima facie* case" of age discrimination and retaliation. *Wallis*, 26 F.3d at 892. Because the plaintiff offered "no additional proof of age discrimination either direct, circumstantial or statistical," the court concluded the district court correctly granted summary judgment in favor of the defendant. *Id*; *see also McDonnell Douglas*, 411 U.S. at 804-05 (noting that evidence relevant to a showing of pretext may consist of similarly situated employees outside the protected class being treated differently or evidence of defendant's policy and practices with respect to minority employment, such as statistics showing a general pattern of discrimination).

There is no competent evidence in the record from which the Court could draw the inference that Plaintiff was terminated due to her national origin. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (party opposing summary judgment cannot rest on "metaphysical doubt" as to the material facts). "A plaintiff's belief that a defendant acted from unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive." *Carmen*, 237 F.3d at 1028; *see also Bradley v. Harcourt, Brace & Company*,

5

1  104 F.3d 267, 270 (9th Cir. 1996) (affirming summary judgment on sexual discrimination claim

2  where plaintiff produced no "specific, substantial evidence of pretext" to rebut defendant's

3  explanations for termination and relied primarily on her subject beliefs as to her competence).

4     Having failed to raise a disputed fact demonstrating that Defendant's articulated reason

5  for termination is pretextual, either directly or indirectly, the Court GRANTS summary

6  judgment on Plaintiff's claims for discrimination based on national origin.

7  **C.**  **Defendant is Entitled to Summary Judgment on the Age Discrimination Claim.**

8     Plaintiff also brings a claim for age discrimination. The Age Discrimination in

9  Employment Act ("ADEA") prohibits "arbitrary age discrimination in employment." 29 U.S.C.

10  § 621(b). The ADEA makes it "unlawful for an employer ... to fail or refuse to hire or to

11  discharge any individual [who is at least 40 years of age] ... because of such individual's age."

12  *Id.* at §§ 623(a), 631(a). To succeed on her claim, Plaintiff must demonstrate that age actually

13  motivated Defendant's decision to terminate her. *See Reeves v. Sanderson Plumbing Products,*

14  *Inc.*, 530 U.S. 133, 141 (2000).

15     Plaintiff again bears the initial burden of establishing a prima facie case of

16  discrimination. If she establishes a *prima facie* case, the burden then shifts to Defendant to

17  articulate a legitimate nondiscriminatory reason for its employment decision. Then, in order to

18  prevail, Plaintiff must demonstrate that Defendant's alleged reason for the adverse employment

19  decision is a pretext for another motive which is discriminatory. *See Schnidrig v. Columbia*

20  *Machine, Inc.*, 80 F.3d 1406, 1409 (9th Cir. 1996) (citation omitted). Plaintiff may establish a

21  *prima facie* case either by direct evidence of discriminatory intent or by circumstantial evidence

22  demonstrating she was "(1) a member of the protected class (age 40-70); (2) performing [her]

23  job in a satisfactory manner; (3) discharged; and (4) replaced by a substantially younger

24  employee with equal or inferior qualifications." *See Schnidrig*, 80 F.3d at 1410; *see also Nidds*

25  *v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1997).

26     Plaintiff asserts that Defendant discriminated against her because of her age based upon

27  a single remark alleged in the complaint in which some unidentified person, most likely one of

28  her supervisors, called her an "old lady." (Complaint at ¶ 6.) Again, assuming Plaintiff has

6

made out a *prima facie* case of age discrimination, Defendant has identified legitimate business reasons for terminating the customer relationship with him.  Violation of the Zero Tolerance Policy is sufficient to constitute a legitimate, nondiscriminatory business reason for termination.

The burden then shifts to Plaintiff to demonstrate that the reason for her termination was a pretext for another, discriminatory motive.  To demonstrate pretext, the only evidence before the Court is Plaintiff's single allegation in her complaint that someone called her an "old lady." (Complaint at ¶ 6.)  The Ninth Circuit has held that similar kinds of statements were merely "stray" remarks and, thus, were insufficient to create a genuine issue of fact regarding age discrimination.  *See Merrick v. Farmers Ins. Group,* 892 F.2d 1434, 1438-39 (9th Cir. 1990) (holding that hiring supervisor's statement that he hired a younger employee over plaintiff because he was "bright, intelligent, knowledgeable young man" was a stray remark insufficient to create an inference of age discrimination); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1284-85 (9th Cir. 2000) (holding that employer's statement that plaintiff was not "young and promotable" did not give rise to suspicions of age discrimination); *Nesbit v. Pepisco*, 994 F.2d 703, 705 (9th Cir. 1993) (holding that employer's statement that "[w]e don't necessarily like grey hair" did not support inference of discriminatory motive).  Plaintiff's supervisor's alleged statement, an isolated instance, does not create an inference of age discrimination. Accordingly, this allegation is insufficient to create a genuine issue of fact regarding pretext.

Having failed to raise a disputed fact demonstrating that Defendant's articulated reason for termination is pretextual, either directly or indirectly, the Court GRANTS summary judgment on Plaintiff's claims for discrimination based on age.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.**

Dated:  July 2, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7

**United States District Court**
For the Northern District of California

1
2
3
4 UNITED STATES DISTRICT COURT
5 FOR THE
6 NORTHERN DISTRICT OF CALIFORNIA
7
8
9 CORAZON H. ZAMBRANO,    Case Number: CV06-02565 JSW

  Plaintiff,    **CERTIFICATE OF SERVICE**

  v.

JOHN E. POTTER et al,

  Defendant.
                                                                    /

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 2, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Abraham A. Simmons
Joann M. Swanson
United States Attorney's Office
450 Golden Gate Avenue
Box 36055
San Francisco, CA 94102

Corazon Zambrano
5519 Mission Street
#205
San Francisco, CA 94112-4247


Dated: July 2, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk